**UNPUBLISHED DISPOSITION - NOT FOR PUBLICATION OR CITATION**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

CIVIL ACTION NO. 05-CV-403-KKC

DION ERIC SAVAGE                                                                         PETITIONER

VS:                          **MEMORANDUM OPINION AND ORDER**

SUZANNE HASTINGS, WARDEN                                                    RESPONDENT

Dion Eric Savage ("Savage") is a *pro se* Petitioner incarcerated at the United Sates Penitentiary-Big Sandy in Inez, Kentucky. He has submitted a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 and has paid the $5.00 filing fee. This matter is before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970). This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) permits a court to dismiss a case at any time if the court determines that the action is (i) frivolous or malicious or (ii) fails to state a claim upon which relief can be granted.

**BACKGROUND**

After a jury trial spanning nearly a month, petitioner Savage was convicted on July 7, 1996, of participating in a continuing criminal enterprise to distribute cocaine under 21 U.S.C. §§848, 853 and to being a felon in possession of a firearm under 18 U.S.C. §922. He was sentenced to life in

prison followed by a five-year term of supervised release. Savage's conviction was affirmed by the Sixth Circuit on direct appeal on October 21, 1999. Savage filed a motion for post-conviction relief under Section 2255, which was granted in part and denied in part on March 7, 2001, which resulted in an amended judgment of commitment. Savage then simultaneously filed a notice of appeal and a motion for a certificate of appealability; the latter was granted by the trial court. The Sixth Circuit affirmed the district court's decision on December 13, 2001. Thereafter, the trial court has denied or struck from the record dozens, if not hundreds, of repetitive notices of appeal and motions for various post-conviction relief filed by Savage over the next five years and continuing to this date. The Sixth Circuit has dismissed or denied numerous notices of appeal and motions to file a second or successive petition under Section 2255. *United States v. Savage*, 95-CR-50061, Eastern District of Michigan [Record Nos. 230, 296, 407, 427, 443, 445, 447, 448, 520, 635, 727 therein].

In his present petition, Savage alleges that co-defendant Claude Leon Carter lied at trial, implicating him in the criminal enterprise, and that the police and prosecutors knowingly elicited this testimony. Savage asserts a variety of constitutional claims, including that his trial counsel was constitutionally ineffective under the standard set forth in *Strickland v. Washington*, 466 U.S. 688 (1984).

## DISCUSSION

Ordinarily, 28 U.S.C. §2241 is used by prisoners to challenge the execution of a sentence, such as the computation of parole or sentence credits, not their conviction or sentence. *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979). As Savage challenges the constitutionality of his conviction, he ordinarily must raise this claim through a post-conviction motion under 28 U.S.C. §2255. However, Savage invokes the "savings clause" of Section 2255, 28 U.S.C. §2255, ¶5, by including an assertion

that his remedy under Section 2255 "is inadequate or ineffective to test the legality of his detention" in order to invoke this Court's jurisdiction under Section 2241. Because Savage's claims in this proceeding have been presented before and denied, the Court must determine whether his remedy under Section 2255 is genuinely "inadequate or ineffective" before he is entitled to their consideration on the merits.

In *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999), the Sixth Circuit noted that Section 2241 is not a "catch all" remedy, but is available only upon the petitioner's demonstration that his Section 2255 remedy is truly "inadequate and ineffective." *Id.* at 756. The Court made clear that habeas corpus relief is unavailable to a federal prisoner if he fails to avail himself of a reasonable opportunity to obtain an earlier correction of a fundamental defect in his conviction or sentence under pre-existing law. *Id.*; *see also United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002). In *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003) (*Martin I*), the Sixth Circuit further clarified by holding that the "savings clause" may only be invoked by a petitioner where he presents a viable claim of "actual innocence" based upon a subsequent Supreme Court decision interpreting the criminal statute under which he has been convicted in a materially different manner than that prevailing at the time of his conviction. *Id*. at 804; *see also Lott v. Davis*, 105 Fed.Appx. 13 (6th Cir. 2004) ("Although this court has not determined the exact scope of the savings clause, it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause.").

Savage's claim, that he was denied effective assistance of counsel in violation of his rights under the Sixth Amendment to the Constitution of the United States, is not a claim of "actual innocence" because Savage's assertions, even if true, do not assert that the trial court convicted him of conduct "that the law does not make criminal" in light of a Supreme Court decision handed down

3

after his direct appeal or first collateral attack on his conviction. *Martin I*, 319 F.3d at 805; *Charles*, at 180 F.3d at 757; *Truss v. Davis*, 115 Fed.Appx. 772, 775 (6th Cir. 2004) ("Thus far, the only circumstance in which this court has found §2255 to be an ineffective or inadequate remedy is when the petition stated a facially valid claim for actual innocence."). Because Savage's habeas corpus petition does not present a facially-valid claim that he is actually innocent of the offense charged, the savings clause of Section 2255 does not permit him to pursue this claim in a habeas corpus proceeding under Section 2241. *Bousley v. United States*, 523 U.S. 614, 620 (1998).

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1) Petitioner Savage's petition for a writ of habeas corpus is **DENIED.**

(2) The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This the 9th day of March, 2006.



Signed By:

*Karen K. Caldwell*

**United States District Judge**